UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO HACKETT,<br><br>Defendant. | No. 1:18-cr-00097-DAD<br><br>ORDER DENYING MOTION FOR ADJUSTMENT OF TIME CREDITS WITHOUT PREJUDICE<br><br>(Doc. No. 14) |

On February 1, 2019, defendant filed a *pro se* motion to reduce his sentence pursuant to the First Step Act, 18 U.S.C. § 3631 *et seq.* (Doc. No. 14.) Thereafter, the court appointed the Federal Defender's Office ("FDO") to represent defendant in conjunction with that motion and set a briefing schedule. (Doc. No. 15.) The FDO filed its brief on June 3, 2019. (Doc. No. 16.) The government filed its opposition to defendant's motion on July 11, 2019 and a notice of supplemental authority on July 25, 2019. Following inquiry by the court, the FDO filed a status report on July 26, 2019, reporting that defendant was still in the custody of the Bureau of Prisons as of the date the report was filed. On September 10, 2019, the court held a hearing on the motion at which time Assistant United States Attorney Jason Hitt appeared for the government and Assistant Federal Defender Ann C. McClintock appeared for defendant Hackett.

/////

1

As indicated at the conclusion of the telephonic hearing, defendant's motion for an adjustment of time credits will be denied. On December 10, 2018, the undersigned sentenced defendant Hackett to the custody of the U.S. Bureau of Prisons for a term of 12 months with no supervision to follow, pursuant to his admission to violating the terms and conditions of his supervised release. Defendant Hackett's basic claim is that prior to this court's sentencing of him on the supervised release violation, he had served approximately 18 years in the custody of the Bureau of Prisons and that under the provisions of the new First Step Act, 18 U.S.C. § 3631 *et seq*, he should have earned 7 additional days per year of good time (54 - 47 days) which over 18 years would have totaled approximately 126 additional days of good time. He contends that previously earned good time should be credited toward his current 12 month sentence on the supervised release violation resulting in his immediate release.

Defendant Hackett is required to first exhaust his administrative remedies in seeking to challenge the calculation and application of good time credits. *See Jones v. Bock*, 549 U.S. 199, 219 (2007); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Here, defendant Hackett has not alleged that he has exhausted his good time credits claim by presenting it to the Bureau of Prisons.[1] Accordingly, his motion for adjustment of his good time credits (Doc. No. 14) will be denied without prejudice due to his failure to exhaust his administrative remedies.

IT IS SO ORDERED.

Dated: **September 10, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] The government also argues that this court, as the sentencing court, lacks jurisdiction to consider the pending motion in this criminal case, that any claim for relief would be cognizable only by way of habeas petition filed in the district court where the defendant is currently incarcerated and that, if properly presented, the motion would be subject to denial on the merits. Though arguably persuasive, the court need not address these contentions in light of its disposition on failure to exhaust grounds. The court also notes, however, that it was advised by counsel at the hearing that defendant Hackett is now at an RRC in the Central District of California.